UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLAJAWAN BUSH,<br><br>                Petitioner,<br><br>        v.<br><br>WARDEN,<br><br>                Respondent. | CASE NO. ED CV 09-425-R (PJW)<br><br>[~~PROPOSED~~] ORDER DISMISSING PETITION WITHOUT PREJUDICE |

    In March 2009, Petitioner filed the instant habeas corpus petition, raising two claims: (1) That he is innocent because the victim "did not press charges"; and (2) That he was supposed to be offered "some type of program." (Petition at 5.) Though it is not entirely clear from the filing, it appears that Petitioner is challenging the legality of a parole revocation, as he lists the place of conviction and sentence as "Chino State Prison" and indicates that he received a 10-month sentence. (Petition at 2.) What is clear, however, is that Petitioner never appealed the decision or filed a habeas petition in state court challenging it. (Petition at 2-3, 5.)

    The Court has a duty to screen petitions before service. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). In so doing, if it plainly appears from the face of the petition that Petitioner is not entitled

to relief, the magistrate judge may prepare a proposed order for summary dismissal for the district judge. *See* Local Rule 72-3.2. In screening the instant Petition, it is clear to the Court that Petitioner has not exhausted these claims by presenting them to the state supreme court before filing his federal Petition.

As a matter of comity between state and federal courts, a federal court will generally not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982); *see also Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003) ("[A] prisoner challenging a parole decision is first eligible to file a federal habeas petition only after state habeas proceedings are complete."). Indeed, Congress has instructed that a habeas petition brought by a person in state custody cannot be granted "unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999).

In this case, it is clear that Petitioner has not exhausted his state remedies with regard to either of the two claims raised in this Petition. In fact, Petitioner admits that he did not file an appeal or a habeas petition in state court. (Petition at 2-3.) Because both of the claims in the Petition are unexhausted, it is dismissed without prejudice to re-file once Petitioner has exhausted his claims. *See*

*Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust.").[1]

IT IS SO ORDERED

DATED:   March 17, 2009  .

_____
MANUEL REAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Temp\notesFFF692\Ord_Dism.wpd

---

[1]  A dismissal for failure to exhaust is not a bar to returning to federal court after properly exhausting available state remedies.